UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA :

    -against- : 1: 07 Cr. 00006 (PAC)

HASAN MITCHELL, :

        Defendant. :

-------------------------------------------------------x

**SENTENCING MEMORANDUM AND ORDER**

      Mr. Mitchell is 27 years of age and has been in and out of difficulties with the law for more than half his life. He was arrested as a juvenile at age 13. Over the next 14 years, his criminal record reflects at least ten convictions. He is accurately described as an habitual criminal. On the other hand, his crimes have all been at a very low level. For example, when he was 16, he was convicted on two separate occasions for selling $10 worth and $6 worth of crack. These convictions, entered more than 10 years ago, account for a total of six criminal history points.

      Many of Mitchell's convictions are for petty crimes, including smoking a cigar containing marijuana, criminal sales of marijuana in the fourth degree, and criminal sales of a controlled substance in the fifth and seventh degrees. Far more troubling are his convictions for violent crimes. At 17, he was convicted of third degree attempted assault for slashing a victim across his face. At 21, he was convicted of conspiracy in the fourth degree for assaulting and stabbing the complaining witness. He is also being held on a current State charge that he shot a person in October 2006. He was arrested on the

shooting charge, on the day following his arrest on November 29, 2006 for the instant offense: possession of a loaded weapon.

All of these convictions and sentences occurred in the Bronx. It appears from the sentences imposed that the Bronx Supreme Court determined that none of the crimes charged were of a major nature. The sentences imposed on the various convictions were for one year or less, except the arrests and convictions for crack sale which occurred when Mitchell was 16. The two crack sales of $10 and $6 resulted in sentences of 1 to 3 years, as well as suspension of his driver's license; but time actually served, even when time served for parole revocation is considered, was less than 15 months.

The parties agree that the offense level is properly calculated at 24, with a criminal history category of VI, resulting in a guideline sentence of 100 to 125 months. The maximum sentence for a felon in possession of a weapon is 10 years, however, so the upper range of the guideline is reduced to 120 months.

Considering the prior criminal convictions, the length of time actually served as sentences on those convictions, and an apparent trend towards more violent crimes, the Court decided that a term of 96 months, or 4 months below minimum guidelines, would be sufficient, but not greater than necessary to accomplish the purposes of 18 U.S.C. § 3553.

A more intricate question involves whether the near-guidelines sentence of 96 months should be adjusted in any way to reflect the time Mitchell has been in custody since his arrest on November 29, 1996 by New York City police ("NYPD") for possession of a loaded weapon, a violation of the New York Penal law. Since Mitchell

was a felon, however, he was referred to Operation Trigger Lock, which resulted in a federal prosecution of a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). If convicted of the federal crime, defendants face a longer term of incarceration than if convicted of the State crime of possession of a loaded firearm. The potential longer sentence is said to induce a greater willingness to cooperate.

According to the docket entry on December 19, 2006 and page one of the Pre-sentence Investigation Report, Mitchell was placed in the custody of the U.S. Marshals on December 19, 2006, pursuant to a writ of habeas corpus ad prosequendum. Thereafter, he was indicted on January 4, 2007 and arraigned on January 8, 2007. After a suppression hearing held on October 26, 2007, Mitchell withdrew his not guilty plea and pleaded guilty on November 1, 2007. He has been in continuous custody of the U.S. Marshals for the last 15 months.

At sentencing, the Court asked when the sentence would begin. The Government directed the Court's attention to 18 U.S.C. § 3585(b) which governs how time served prior to the date the sentence commences will be credited. The Court made it clear that it wanted the sentence to commence as of December 19, 2006, when Mitchell was delivered into the custody of the U.S. Marshals pursuant to a writ of habeas corpus ad prosequendum. He asked the parties to brief the point. On March 7, 2008, the Government wrote stating that the Bureau of Prisons would credit the time Mitchell spent in pre-sentence custody and, accordingly, it was "not necessary to impose anything less that [sic] a 96 month sentence to achieve the Court's desired result." (Government March 7, 2008 letter, pg. 1).

3

If the Bureau of Prisons does not give credit, however, it is clear that Mitchell will not serve 96 months, but rather 111 months (the 96 month sentence imposed, as well as the time already spent in federal custody, from December 2006, up to the date of his sentence, March 2008 — or 15 months). The Government observes that since Mitchell was arrested by the NYPD, he was subject to New York's primary jurisdiction up to the time the federal sentence was imposed. New York's primary jurisdiction continues, however, until it is relinquished "to another sovereign by, for example, . . . dismissal of the State charges . . ." (Government March 7, 2008 letter, pg. 2). The Government represents that the State gun charges "probably will be dismissed in light of defendant's federal conviction." (Id.) Nonetheless, he would still be in State custody for his November 30, 2006 arrest in connection with the October 1, 2006 shooting. At present, the State has <u>not</u> dismissed the gun charge and the shooting charge is still pending.[1]

In these circumstances, the Government recognizes that any credit that Mitchell might receive for the 15 months he has already served "is impossible . . . to predict" because it is unknown how the "Mitchell's pending State cases will be resolved." (Government March 7, 2008 letter, pg. 3). Instead, the Government requests that any adjustment await both New York State action and a subsequent Bureau of Prisons determination based on New York's actions. It suggests that any adjustment now for time served would result in "a windfall to the defendant." (Id. at pg. 3-4.)

---

[1] The pre-sentence report indicates that the shooting charge is pending in Bronx Supreme Court (PSR ¶¶ 58-59 at pg. 13), but the Government's March 7, 2008 letter at page 2 indicates that the case, bearing the same docket number, is being handled by the Manhattan District Attorney's Office. There is no indication that any prosecutorial steps have been taken in this case, regardless of the location. The vagaries of where the charges are pending, the exact nature of the charges, and what the next steps may be, suggest the need for certainty in imposing a sentence with a known beginning and end.

In serving a sentence of 96 months, however, it is not a windfall to know when it begins and when it ends. In light of the Government's prediction of the likely outcome in the related gun case in the Bronx, and since the disposition of the October 1, 2006 shooting is unknown (although, apparently, nothing has happened since Mitchell's arrest), and perhaps unknowable at this time, the Court adjusts its 96 month sentence so that Mr. Mitchell will serve 81 months from the date of his sentence, March 4, 2008. This will total the 96 months to which the Court sentenced Mitchell without awaiting the vagaries of what New York might do with the two pending criminal cases, and how the Bureau of Prisons would assess the State actions in determining whether the 15 months Mitchell has already served is creditable.

To sum up, the Court believes that the appropriate sentence is 96 months; and it adjusts that sentence to 81 months to reflect the 15 months Mitchell has already spent in federal custody from December 2006 up to the date of the sentence. This is done to provide a time certain for the end date of Mr. Mitchell's federal sentence. No further time arising out of the New York arrests of November 29 and November 30, 2006, regardless of what occurs in the pending State proceedings, should be credited against the 81 months.

Dated: New York, New York
March 12, 2008

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge